**Not For Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| **CURTIS CAMPBELL,** | : | |
| | : | Civil Action No. 17-4183 (ES) |
| Plaintiff, | : | |
| | : | |
| v. | : | MEMORANDUM OPINION |
| | : | |
| **NELSON, et al.,** | : | |
| | : | |
| Defendants. | : | |

**SALAS, DISTRICT JUDGE**

IT APPEARING THAT:

1. Plaintiff Curtis Campbell ("Plaintiff"), a convicted and sentenced state prisoner confined at South Woods State Prison in Bridgeton, New Jersey, at the time of filing, brings this civil rights action *in forma pauperis*. Based on his affidavit of indigence, the Court previously granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and ordered the Clerk of the Court to file the Complaint. (D.E. No. 3).

2. At this time, the Court must review the Complaint (D.E. No. 1, Complaint ("Compl.")), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

3. Plaintiff names two Defendants in his Complaint: Administrator Nelson and the New Jersey Department of Corrections.[1] Against both, he alleges that they "neglected and refused to

---

[1] The Court will dismiss the Department of Corrections with prejudice because it is not a person under § 1983. *See Foye v. Wexford Health Sources Inc.*, 675 F. App'x 210, 215 (3d Cir. 2017) (citing *Will v. Michigan Dep't of State*

provide ADA compliant access to my bunk as [he] is legally blind. Further denied [him] medical treatment when [he] injured [his] foot accessing [his] bunk."[2] (Compl. ¶ 4).

4. He further alleges that:

> On May 4, 2016, the State of N.J., after completing an eye exam, it was determined that I was legally blind. On March 4, 2016[,] I had injured by right foot while attempting to access my bunk. I had on several occasions had asked for a lower bunk but was denied and met with verbal abuse. My foot was injured to the point it was bleeding profuslly [sic] and I could not stop it. After 2 days, I was finally granted medical treatment (after being denied for 2 days).

(*Id.* ¶ 6). Plaintiff does not provide any further information. He is seeking $1.5 million in damages. (*Id.* ¶ 7).

5. Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner proceeding as indigent.

6. According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will

---

*Police*, 491 U.S. 58, 71 (1989)); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (holding that the New Jersey Department of Corrections is not a person under § 1983).

[2] The factual allegations are taken from the Complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[3] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

7. A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege (i) the violation of a right secured by the Constitution or laws of the United States; and (ii) that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

8. It appears that Plaintiff is raising an Eighth Amendment denial-of-medical-care claim against Defendant Nelson for failing to provide him with a lower bunk due to his medical condition and for failure to properly treat his foot injury.[4]

9. The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). To state an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. *See Spruill v. Gillis*, 372 F.3d 218, 235-36 (3d Cir. 2004); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

"To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale*, 318 F.3d at 582 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). For instance, a plaintiff may make this showing by establishing that the defendants "intentionally den[ied] or delay[ed] medical care." *Giles*, 571 F.3d at 330. The Third Circuit has found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197. Notably, however, allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (per curiam) (citing *Estelle*, 429 U.S. at 105-06); *Singletary v. Pa. Dep't of Corr.*,

---

[4] To the extent the Court has misconstrued or misunderstood Plaintiff's intended claims, Plaintiff is advised to specifically state such in any amended complaint.

266 F.3d 186, 192 n.2 (3d Cir. 2001). Such allegations rise only to the level of potential medical malpractice, which are insufficient to state a cognizable deliberate indifference to a serious medical need claim under § 1983. *See Spruill*, 372 F.3d at 235 ("Allegations of medical malpractice are not sufficient to establish a Constitutional violation.") (citations omitted); *see also Bramson v. Sulayman*, 251 F. App'x 84, 86 (3d Cir. 2007) (per curiam) ("[Plaintiff's] complaint makes clear that the defendants treated him on many occasions. He claims those treatments proved ineffective and that defendants negligently failed to diagnose his heart condition, but those allegations do not state an Eighth Amendment claim.") (citing *Estelle*, 429 U.S. at 107-08 & n.16).

10. Here, Plaintiff has not provided sufficient facts under *Iqbal* to state an Eighth Amendment claim. With regard to his denial of a lower bunk, he does not allege from whom he requested a lower bunk; when he requested a lower bunk; the basis for his request; whether the individual was aware of a medical need for the bunk when he or she received the request; how Plaintiff requested the bunk, etc. In sum, Plaintiff does not provide enough information to state a claim at this time.

11. Plaintiff's claim regarding his foot injury suffers from similar deficiencies. Plaintiff does not provide details about the injury to allow the Court to determine if it was a serious medical need, nor does he state from whom he requested medical attention or when he made his requests. Without such information, this claim cannot currently proceed.

12. For the reasons stated above, Plaintiff's claims against the New Jersey Department of Corrections are dismissed with prejudice. All other claims are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted. Because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave

to move to re-open this case and to file an amended complaint.[5]  An appropriate Order follows this Memorandum Opinion.

*s/Esther Salas*  
**Esther Salas, U.S.D.J.**

---

[5]  Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.  *See West Run Student Housing Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases).  To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself.  *Id.*