**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CURTIS CAMPBELL,** | |
| Plaintiff | Civ. No. 17-4183 (ES) (SCM) |
| v. | |
| **NELSON, et al.,** | **MEMORANDUM OPINION & ORDER** |
| Defendants | |

**SALAS, DISTRICT JUDGE**

Plaintiff is a state prisoner currently incarcerated at South Woods State Prison in Bridgeton, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. On March 6, 2018, this Court issued an Opinion and Order that dismissed the complaint. (*See* D.E. Nos. 6 & 7). This matter was then closed, but Plaintiff was given thirty days in which to file a proposed amended complaint. (*See* D.E. No. 7).

On April 2, 2018, this Court received a motion from Plaintiff seeking to reopen this case. (*See* D.E. No. 8). Plaintiff states that he needs additional time to file a proposed amended complaint because he is blind. (D.E. No. 8-1 ¶ 7). Additionally, he seeks a copy of his original complaint. (*Id.* ¶ 13). Plaintiff also seeks the appointment of counsel. (*Id.* ¶ 15). Finally, Plaintiff requests that this Court transfer this action to state court. (*Id.* ¶ 14).

The Clerk will be ordered to reopen this action so that this Court can rule on Plaintiff's motion to reopen. The specific requests made by Plaintiff in his motion to reopen will be granted-in-part and denied-in-part.

This Court will grant Plaintiff thirty days from the date of this Memorandum Opinion and

Order in which to file a proposed amended complaint. Additionally, the Clerk will be ordered to send Plaintiff a copy of his original complaint.

However, Plaintiff's request for the appointment of counsel will be denied *without prejudice*. Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155–56, 157 n.5; *see also Cuevas v. United States*, 422 F. App'x 142, 144–45 (3d Cir. 2011) (per curiam) (reiterating the *Tabron* factors). The power to appoint counsel lies solely with the discretion of this Court. *See Parham*, 126 F.3d at 457.

Plaintiff's ability to present his own case is perhaps an open question given Plaintiff's statement that he is blind. However, he has not made the threshold showing that his claims have some merit in fact or law. Accordingly, at the present time, his request for the appointment of counsel will be denied *without prejudice*.

This Court will also deny Plaintiff's request to have this action transferred to a state court. First, there is currently no outstanding pending complaint, so there is nothing in effect to transfer. Second, and perhaps more importantly, this Court lacks authority to transfer a case to state court. *See, e.g.*, *M&M Creative Laminates, Inc. v. Cambria Co., LLC,* No. 17-871, 2017 WL 3238126,

at *2 (W.D. Pa. July 31, 2017) (citing *Caballero v. Healthcare Res., Inc.*, No. 17-228, 2017 WL 2909693, at *2 (W.D. Pa. July 7, 2017) (citing *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001))). Accordingly,

IT IS on this 28th day of November, 2018,

**ORDERED** that the Clerk shall reopen this case so that this Court can consider Plaintiff's motion to reopen (D.E. No. 8); and it is further

**ORDERED** that Plaintiff's motion to reopen (D.E. No. 8) is GRANTED-IN-PART AND DENIED-IN-PART; and it is further

**ORDERED** that Plaintiff's request within his motion to reopen for an extension of time in which to file a proposed amended complaint is GRANTED; Plaintiff may submit a proposed amended complaint within thirty (30) days of the date of this Memorandum Opinion and Order; and it is further

**ORDERED** that Plaintiff's request for the appointment of pro bono counsel is DENIED *without prejudice*; and it is further

**ORDERED** that Plaintiff's request within his motion to reopen for this Court to transfer this action to state court is DENIED; and it is further

**ORDERED** that the Clerk shall TERMINATE docket entry number 8; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order along with a copy of his original complaint (D.E. No. 1) on Plaintiff by regular U.S. Mail; and it is further

**ORDERED** that the Clerk shall reclose this case; this matter will be reopened should Plaintiff file a proposed amended complaint that will be subject to screening by this Court.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**