<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CURTIS CAMPBELL<br><br>Plaintiff,<br><br>v.<br><br>MARCUS HICKS, *et al.*,<br><br>Defendants. | No. 17cv4183 (EP) (CF)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Plaintiff Curtis Campbell brings this action against Defendants Marcus Hicks and Willie Bonds for allegedly violating several of his state and federal civil rights by: (1) discriminating against him because he is blind; (2) denying him access to administrative grievance and court processes; and (3) subjecting him to conditions of incarceration that have caused serious harm and create a substantial risk of harm. D.E. 59 ("Third Amended Complaint"). As explained in more depth below, Plaintiff passed away in early 2024, and the Court has provided Plaintiff's counsel approximately two years to locate Plaintiff's next of kin and determine whether they would like to prosecute this action on behalf of Plaintiff's estate.

Given nearly two years has passed and Plaintiff's family still has not chosen whether to prosecute this action—despite multiple extensions to do so—the Court *sua sponte* considers whether to dismiss this action **without prejudice**. For the reasons explained below, the Court will do just that.

**I.    BACKGROUND**

Plaintiff commenced this action in June 2017. *See* Dkt. In 2019, Plaintiff was appointed pro bono counsel, who is currently the counsel of record. D.E. 36. Over the next several years,

this case crawled through the early stages of litigation and discovery. Indeed, in April 2020, the Court ordered Plaintiff to show cause why this case should not be dismissed for a failure to prosecute. D.E. 44.

In January 2024, as the parties neared summary judgment briefing, Plaintiff unfortunately passed away. D.E. 115. As a result, the Court provided Plaintiff's counsel time to ascertain Plaintiff's estate. D.E. 118. After multiple status conferences throughout the first half of 2024, the Court provided Plaintiff's counsel additional time to search for Plaintiff's family, and in the interim, administratively terminated the action. D.Es. 121-23. On October 23, 2025—nearly twenty-two months following Plaintiff's passing and with no real progress to show—the Court ordered the parties to provide a status update. D.E. 124. In that order, the Court indicated that a "failure to provide an update or demonstrate meaningful progress in locating Plaintiff's family since this case was stayed may result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b)." D.E. 124.

Plaintiff's counsel provided an update that the late-Plaintiff's sister was still unsure whether she (or the family) intended to pursue this action, D.E. 125, and the Court subsequently provided until December 5, 2025, for Plaintiff's counsel to provide another update, D.E. 126. On December 5, 2025, Plaintiff's counsel requested another extension of time for the late-Plaintiff's sister to speak with her brothers and decide whether she or they wished to pursue this action. D.E. 128. The Court granted an extension until January 16, 2026, and made clear that "[n]o further extensions of this deadline [would] be granted, and a failure to provide the Court with a definitive answer with a proposed course of action [would] be deemed a failure to prosecute." *Id.*

On January 20, 2026, Plaintiff's counsel indicated that the family informed him that they would let him know by January 16, 2026, whether they wished to pursue this action, but he never heard back. D.E. 129.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) permits courts to *sua sponte* dismiss an action if a litigant fails to prosecute a case or to comply with a court order. *Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) (per curiam); *see Adams v. Trustees of New Jersey Brewery Emps. Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) (recognizing that courts may *sua sponte* dismiss an action under Rule 41(b)). The decision to dismiss an action for failure to prosecute lies within the sound discretion of a court. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002). That discretion is cabined and guided by the factors identified by the Third Circuit in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The *Poulis* factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868. "[N]o single *Poulis* factor is dispositive." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)). Nor do "all of the *Poulis* factors need to be satisfied in order to dismiss a complaint." *Id.* (quoting *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). In addition, [w]hen a litigant's conduct makes adjudication of the case impossible . . . balancing under *Poulis* is unnecessary." *Asubuko v. Bell Nat. Org.*, 243 F. App'x 728, 729 (3d Cir. 2007).

No matter the circumstances, however, district courts should always "provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders prior to dismissing a case *sua sponte*." *Briscoe*, 538 F.3d at 258.

### III. ANALYSIS

The Court will dismiss this action because Plaintiff's family has failed to comply with the Court's repeated orders to decide whether to prosecute this action.

*First*, the Court finds that Plaintiff's family is entirely responsible for the delays in this action. For nearly two years they have not decided whether to even prosecute this action despite several prompts from the Court and outreach from Plaintiff's counsel. As Plaintiff's counsel indicated in his latest filing, Plaintiff's brother indicated he would call counsel back, but never did. D.E. 129.

*Second*, "Defendants are prejudiced by Plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial." *Hagins v. Pierce*, No. 17-494, 2018 WL 3559097, at *2 (D. Del. July 24, 2018) (citing *Ware*, 322 F.3d at 222-23). Here, Plaintiff's family's failure to take any action has delayed Defendants from being able to defend this action. For nearly a decade Defendants have been forced to defend this action.

*Third*, there is a meaningful history of dilatoriness in this action. Not including the previous warning to dismiss this action for Plaintiff's failure to prosecute, the Court has given Plaintiff's family nearly two years to decide whether to continue with this case, and they have yet to make up their minds. The several extensions of time to consider whether to even prosecute this case or meaningfully respond to Court orders demonstrates a history and pattern of dilatoriness. *See Adams*, 29 F.3d at 874 ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness . . . ."); *Emerson*, 296 F.3d at 191 (finding that a history of dilatory conduct existed

4

because the "procedural history of this case reflect[ed] continuous dilatoriness" as demonstrated by the plaintiff's multiple requests for stays and failure to comply with multiple deadlines).

*Fourth*, it is not clear to the Court whether the delays from Plaintiff's family are either willful or in bad faith, but the fact that the family has been unable to decide for nearly two years whether to continue on with this action suggests they have, on some level, abandoned this case. *See Hagins*, 2018 WL 3559097, at *2 ("[B]ecause [p]laintiff has taken no action in close to a year, the Court is unable to discern whether his failure to prosecute is willful or in bad faith, but notes that [p]laintiff failed to respond to the motion to dismiss and letter/motion to dismiss for failure to prosecute and appears to have abandoned his case.").

*Fifth*, there are no alternative sanctions available. Plaintiff's family is not a party to this action and the Court finds that monetary sanctions would be inappropriate.

*Sixth*, with respect to the meritoriousness of Plaintiff's claims, the Court finds this factor is neutral. The parties were on the precipice of briefing summary judgment motions when Plaintiff passed away, and without said motions, the Court cannot ascertain to a meaningful extent the merits of Plaintiff's case. In any event, when the first five *Poulis* factors all weigh in favor of dismissing with prejudice, courts routinely[1] elect not to address this final factor as not all of the *Poulis* factors need be satisfied in order to dismiss [an action]." *Riley v. Sec'y Pennsylvania Dep't of Corr.*, 536 F. App'x 222, 225-26 (3d Cir. 2013).

On balance, the *Poulis* factors strongly weigh in favor of dismissing this action. It is clear from the letters from Plaintiff's counsel that Plaintiff's siblings have been slow to return his calls and make the preliminary determination as to whether even prosecute this action on behalf of their

---

[1] *See, e.g.*, *McNamara v. Buehler*, No. 16-841, 2018 WL 9880301, at *3 (D.N.J. Nov. 16, 2018), *report and recommendation adopted*, 2019 WL 5448684 (D.N.J. Oct. 24, 2019) (citing *Macon v. City of Asbury Park*, No. 07-1413, 2008 WL 1882899, at *1 (D.N.J. Apr. 24, 2008)).

late-brother's estate. After nearly two years to make that choice—and numerous warnings and extensions from the Court—the Court is left with the conclusion that Plaintiff's family has abandoned this case and does not wish to pursue this action.

## IV. CONCLUSION

For the reasons stated above,

**IT IS**, on this **3rd** day of January 2026,

**ORDERED** that this case is **DISMISSED** *without prejudice* against Defendants for the failure to prosecute this action; and it is further

**ORDERED** that the Clerk of Court shall mark this case as **CLOSED**.

_____
Evelyn Padin, U.S.D.J.